UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TERRANCE STINSON,

                Petitioner,          DECISION & ORDER

      -vs-                          08-CV-6041-CJS
                                      01-CR-6087-CJS

UNITED STATES OF AMERICA,

                Respondent.
_____

**APPEARANCES**

For petitioner:                       Terrance Stinson, *pro se*
                                     10890-055
                                     United States Penitentiary-Canaan
                                     P.O. Box 300
                                     Waymart, PA 18472

For respondent:                    Frank H. Sherman, A.U.S.A.
                                     United States Attorney's Office
                                     100 State Street, Fifth Floor
                                     Rochester, NY 14614

**INTRODUCTION**

    **Siragusa, J.**  By Decision and Order dated August 15, 2012, this Court denied Terrance Stinson's ("Petitioner's") *pro se* application to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 510. Petitioner now brings a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. ECF. No. 514. Familiarity with the facts of this case is presumed.

## ANALYSIS

### *Reconsideration Generally*

As the Fifth Circuit has recognized, [t]here is no motion for "reconsideration" in the Federal Rules of Civil Procedure. *Hamilton Plaintiffs v. Williams Plaintiffs,* 147 F.3d 367, 371 n.10 (5th Cir. 1998). Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b).

The instant motion, having been brought twenty-two (22) days after the final judgment was entered dismissing Petitioner's § 2255 motion, was filed within the twenty-eight (28) day time-limit prescribed in Fed. R. Civ. P. 59(e) as amended in 2009. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

"[W]here a post-judgment motion is timely filed and 'calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled.'" *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 41 (2d Cir. 1982) (quoting *Dove v. Codesco*, 569 F.2d 807, 809 (4th Cir.1978)). Petitioner's post-judgment motion was timely filed under F.R.C.P. 59(e), and a review of his arguments indicate that the motion for reconsideration "clearly call[s] into question the correctness of the dismissal [,]" *Lyell Theatre Corp.*, 682 F.2d at 41, of his § 2255 application. Therefore, the Court shall treat Petitioner's application as a motion to alter the judgment under Fed. R. Civ. P. 59(e).

Motions for reconsideration are assessed under a very strict standard. *See*, *e.g.*, *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (noting the very high burden a movant faces on a reconsideration motion in the context of a resubmitted motion to dismiss, analyzed under the "law of the case" doctrine). Since "[r]econsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources [,]" *R.F.M.A.S., Inc. v. So*, 640 F.Supp.2d 506, 509 (S.D.N.Y. 2009) (quotation marks and citation omitted), motions for reconsideration are granted only where the moving party is able to point to some controlling decision or other material "that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *accord*, *e.g.*, *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151, (S.D.N.Y. 1999). Although a court may grant the motion "to correct a clear error of law or prevent manifest injustice," reconsideration should not be granted where the moving party seeks only to relitigate an issue already decided. *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004).

***Application of Law***

Petitioner contends that the Court erroneously denied his previous motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the basis of "inadvertence or oversight." Pet'r Mot. at 1. However, the arguments advanced in his motion to reconsider are identical to those contained in his § 2255 application, which the Court previously considered and rejected. As indicated above, it is well-settled that "a motion to reconsider should not be granted where the moving party seeks solely to

relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

The Court therefore finds no basis for reconsideration of its prior decision denying Petitioner's motion to vacate his sentence. Nothing raised in his pending motion provides a basis for reconsideration because Petitioner has not pointed to controlling decisions or data that the court overlooked, or matters that might reasonably be expected to alter the Court's prior decision.

### CONCLUSION

Accordingly, Petitioner's motion for reconsideration, ECF No. 514, is denied.

So Ordered.

Dated: October 22, 2012
       Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge